CASE 66—PETITION EQUITY—DECEMBER 21.

# Counts v. Howes.

### APPEAL FROM CARTER CIRCUIT COURT.

1. IN AN ACTION TO ENFORCE THE COLLECTION OF A JUDGMENT, the de-
fect in the petition in failing to allege that an execution had been
issued from the circuit court clerk's office and returned "no prop-
erty," was cured by a denial of that fact in the answer, the issual
and return of the execution being proved by a copy filed by plain-
tiff. Besides, the defect was cured by an amended petition mak-
ing the necessary averments.

2. A REPLEVIN BOND HAS THE FORCE AND EFFECT OF A JUDGMENT.
Therefore a judgment of the quarterly court having been satis-
fied by the execution of a replevin bond, upon which execution
was issued and returned "no property," the plaintiff by filing a
transcript of the judgment, replevin bond and execution in the
circuit clerk's office, became entitled to all the remedies that he
would have been entitled to had the judgment been rendered in
the circuit court, for while the quarterly court judgment was ex-
·tinguished by the execution of the replevin bond, the bond itself
is to be treated as a judgment within the meaning of sections 439
and 723 of the Civil Code.

THOMAS D. THEOBALD FOR APPELLANT.

1. The execution of the replevin bond was a payment of the judgment
and no further proceedings could be had on the original judgment.
(Hoskins v. Parsons, 1 Met., 253; Gray v. Merrill, 11 Bush, 633.)
2. An execution upon a replevin bond is not such an execution as is
contemplated by section 723 of the Civil Code.

R. D. DAVIS FOR APPELLEE.

1. Any defect there may have been in the petition was cured by the
answer.
2. A replevin bond has the force and effect of a judgment, and the
plaintiff has the same remedies for its enforcement that he would
have for the enforcement of the original judgment. (Civil Code,
sec. 439; Ky. Stats., sec. 1676.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The object of this action was to enforce the collection of a judgment rendered in favor of appellee, etc., against the appellant, etc., in the Carter County Quarterly Court; an execution thereon having been, as is alleged, returned "no property found," and a transcript thereof filed in the office of the clerk of the Carter Circuit Court, and execution issued thereon and returned "no property found."

Appellant made defense upon several grounds, only two of which need be noticed. In fact only two grounds are insisted on by appellant.

The first is that the petition did not show an issue of the execution from the office of the circuit clerk of Carter county and a return of *nulla bona* thereon, hence it is argued that appellee did not show a right to recover.

It is true that appellee in his original petition failed to allege such issue and return, but appellant denied such issue, and the copy filed by appellee proves the issual and return of the execution. The answer may, therefore, be held to have cured the defect in the petition, but in addition to that the appellee in an amended petition made the necessary averments.

The second contention of appellant is that the original judgment in the quarterly court rendered against him was replevied by him, with G. W. Counts as surety, and that by failure to have execution issued within time prescribed by law the surety was released from the bond, but that the replevy extinguished the quarterly court judgment, and, there being no judgment against him, no execution could be legally issued on the one rendered and returned, and that no transcript could be legally filed in the circuit clerk's office, and an execution procured thereon. Hence it is argued that

appellee had no cause of action, and that the court below erred in rendering judgment for the sale of appellant's land to pay the claim sued on.

It is true that this court has repeatedly held that the replevy of a judgment extinguished the same, but it is also true that by the provisions of subsection 2 of section 1, article 11, chapter 38, of the General Statutes, replevin bonds have the force and effect of judgments. [Ky. Stats., sec. 1676.]

Section 723 of the Code of Practice provides that, when an execution upon a judgment of a quarterly court is returned by a proper officer "no property found," the plaintiff may obtain a certified copy of the judgment, execution and return, and file the same in the office of the clerk of the circuit court, and thereupon the plaintiff shall be entitled to the same remedies as if the judgment had been rendered in the circuit court.

Copies of the quarterly court judgment, execution, replevin bond, also copy of the execution issued upon the replevin bond and return of "no property found," as well as the copy of execution and return on same, issued from the clerk's office of the circuit court of Carter county, appear to be filed as a part of this record.

It seems to us that the replevin bond must be held and treated as a judgment of the quarterly court within the meaning of sections 723 and 439 of the Code of Practice.

The judgment of the court below adjudging a sale of enough of the land mentioned to satisfy the judgment sued on was not erroneous, and the same is affirmed.