CASE 59—ACTION BY WALTER MARTIN'S ADMR. AGAINST THE CUMBER-
LAND TELEGRAPH AND TELEPHONE CO. FOR CAUSING DEATH OF
PLAINTIFF'S INTESTATE.—OCT. 28.

# Cumberland Telegraph & Telephone Co. v. Martin's Admr.

### APPEAL FROM LINCOLN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

ELECTRICITY — INJURIES — TELEPHONE WIRES—MAINTENANCE—NEGLI-
GENCE—DUTY TO LICENSEES.

Held:   Deceased took refuge from an electric storm under the porch
of a store.  He placed his back against an iron grating over a
window, and was subsequently killed by lightning which struck
one of defendant's telephone poles near the store and was con-
ducted to the porch by a wire negligently maintained over the
metal roof thereof, and from the roof to the iron grating, and
thence to deceased.  HELD, That deceaesd was a bare licensee
in the place where he was killed, and that defendant owed him
no duty to properly maintain the wire.

WM. L. GRANBERRY AND HUMPHREY, BURNETT & HUMPH-
REY, ATTORNEYS FOR APPELLANT.

The deceased was killed by a stroke of lightning while sitting
upon a box under the porch of a store building belonging to a
man named Ike Hamilton.  The store was not occupied, but de-
ceased had gone there with others to get shelter from a storm.

The claim against the telephone company is based upon the
theory that the lightning which caused Martin's death struck
a wire belonging to the telephone company and following that
wire passed over the end of the porch of the Hamilton store and
thence into a wire screen against which the deceased Martin was
leaning and through his body to the earth.

It is claimed that the telephone company owned the wire in
question and was guilty of negligence in fastening it to the cor-
ner of the store.

The jury found against the Cumberland Telephone Company in
the sum of $5,000.

We claim that under the instructions given by the court to the

jury they were called upon to try a case which the plaintiff by an amended petition had withdrawn from their consideration.

We submit that the instructions are erroneous in requiring that the defendant should so put its wire upon the building as to make it reasonably safe to those who were or might be at or about the place.

The evidence had disclosed that the house was vacant, and we entirely fail to understand what duty rested upon the telephone company to make a vacant house safe for any one who might go into it without even a license from its owner.

## AUTHORITIES CITED.

Lockat v. Lutz, 94 Ky., 287; Clark v. Hart, 17 R., 604; Reeves v. French, 20 R., 220; Mitchell-Tranter Co. v. Ehrnett, 23 R., 1788; Collis v. Selden, L. R., 3 Com. Pleas, 495; Blakemore v. Bristol, &c., R. Co., 8 El. & Bl., 1035; Winterbottom v. Wright 10 Meeson & W., 109; Losee v. Chute, 51 N. Y., 494; Goodlander Mill Co. v. Standard Oil Co., 63 Fed. Rep., 401; Cleveland Railway v. Ballantyne, 84 Fed. Rep., 935; Heaven & Pender Law Rep., 11 Queens Bench Dw., 512; 1 Shearman & Redfield on Negligence, sec. 8; 21 Am. & Eng. Ency. of Law, 2d ed., 510; Nolan v. N. Y., N. H. & H. R. R. Co., 53 Conn., 461; Gibson v. Leonard, 37 Ill. App., 348; Sutton v. N. Y. & H. R. R. Co., 66 N. Y., 246; Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky., 142, 156, 157; Hughes v. R. R. Co., 91 Ky., 526; Wintuska's Admr. v. R. R. Co., 14 R., 579.

W. G. WELCH and W. G. WARREN, ATTORNEYS FOR APPELLEE.

We contend:

1. A party's liability to trespassers depends upon the former's contemplation of the likelihood of their presence on their premises, and the probability of injuries from contact with conditions existing there, and when, under the circumstances, a technical trespass may reasonably be anticipated, the owner of the premises will be liable for failure to take reasonable precautions to prevent injury to the trespasser.

2. The law in relation to the users for gain of the tremendous power of electricity is, that a telephone company, for instance, owes to the *public* the duty of so hanging and managing its wires as not to injure or kill any person anywhere who is not an actual trespasser upon the premises or property of the company *and who is not at the time conscious of the danger to which he has exposed himself.*

3. It does not lie in the mouth of the defendant company to

say that deceased was a trespasser when the proof shows that the company itself was a continuous trespasser by the use of the storehouse where the accident occurred, against the will and protest of the owner. If deceased was a trespasser he was not a trespasser upon the defendant company. The place where he sought temporary shelter from the storm being an uninclosed porch to a storehouse on a public street, a porch with an earthen floor and roof overhead.

4. The fact as to whether there was negligence on the part of defendant company and whether that negligence was the proximate cause of decedent's death, were questions peculiarly in the province of the jury, and the jury's determination of these questions will not be set aside unless obviously or flagrantly wrong.

5. The evidence shows that the telephone wire passed almost parallel with and two and a half to four inches from the edge of the metal roof of the porch, and after the telephone box had been previously taken out of the store, then the two wires had been tied together outside and against the house by another piece of wire, leaving two projecting points, which was negligent and dangerous, and the wires in this dangerous condition were maintained there by the company against the objection and protest of the owner of the house.

6. We claim that the instructions given by the court were clear and succinct expositions of the law governing the issues presented in the pleadings.

## AUTHORITIES CITED.

Thompson on Negligence, vol. 1, sec. 801, 994; Watson on Damages, p. 288; Newark Electric Light Co. v. Gordon, 78 Fed. Rep., 74; Thompson on Negligence, new edition, vol. 1, sec. 807; Ill. Central R. R. Co. v. Deck, 91 Ky., 434.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee filed this action to recover of appellant for the death of his intestate, Walter Martin, a young man twenty-five years old, charging that his death was caused by the negligence of appellant. He recovered judgment for $5,000. The only question we deem it necessary to consider on the appeal is whether the facts shown on the trial warranted a recovery. These facts are as folows:: On May 18, 1901, a dark cloud came up at Roland, Ky. The deceased, in com-

pany with another young man and some boys, took refuge from the rain under the porch of a store building. Part of the boys entered the store, but the deceased remained on the porch, sitting on a goods box, with his back against the grating over the window. This grating ran up near the roof, and consisted of metal rods. A telephone wire belonging to appellant, as found by the jury, ran over the roof of this porch and within two or three inches of it. The roof was of metal and wet. Lightning struck one of the telephone poles about 600 yards from the porch, and, after shattering that pole and several on either side of it, was conducted by the wire to the porch, where it left the wire for the iron roof, or part of it did, and passed from the iron roof to the grating, and thence through the body of the deceased to the ground, killing him instantly. There was sufficient evidence of negligence in the way the wire was attached to the house to go to the jury if the defendant owed any duty to the deceased, or if his death was the proximate result of its negligence. The wire had been placed thus on the building in the year 1899, and there had been some complaint then by the owner about it, and there had been a promise to remove it by the person who put it there; and there was some complaint also in the year 1900, but for some months before the injury nothing appears to have been said about it. Appellant did not put the wire there, but found it on the house when it took charge, but there was evidence of notice by the owner that the wire should be removed after this. There was some conflict in the evidence, but this is as strong a statement of the facts as the proof for appellee warrants. In Pittsburg, etc., R. R. Co. v. Bingham, 29 Ohio St., 364; the deceased, being out of employment, went to the passenger station of the railway for pastime and as a place of safety during a storm. The house was negligently constructed, and by reason of this

negligence fell during the storm, killing the deceased. The action was brought to recover for his death. The court, after pointing out that actionable negligence exists only where he whose act causes the injury owes to the injured party a duty, and referring to many cases applying this principal, held that the plaintiff could not recover. It said: "It is doubtless true that a railroad company, by erecting station houses and opening them to the public, impliedly licenses all persons to enter. But it is equally true that such license is revocable at the pleasure of the company as to all persons who are not there on business connected with the road, or with its servants or agents. An implied license to enter a depot creates no additional duty upon the part of the company as respects the safety of the building entered. Its only effect is to make that lawful which, without it, would be unlawful. Wood v. Leadbitter, 13 M. & W., 838. It is a waiver or relinquishment of the right to treat him who has entered as a trespasser." In Lary v. Cleveland, etc., R. R. Co., 78 Ind., 323, 41 Am. Rep., 572, some boys took refuge in an old freight house in a storm, and one of them was injured by the falling of part of the house. The court, after showing that the railroad company owed him no duty, applied the principle that, where there is no duty to the person injured, there is no actionable negligence. In Severy v. Nickerson, 120 Mass., 306, 21 Am. Rep., 514, a longshoreman, after loading ice on a vessel, went on it after finishing his work merely to gratify his curiosity, and while there fell down an open hatchway, negligently left open, and broke his leg. It was held that the owner of the vessel owed him no duty, and that he assumed all the risks of the place. The court said: "The distinction which exists between the obligation which is due by the owners of premises to a mere licensee, who enters thereon without any enticement or inducement, and

one who enters upon lawful business by the invitation, either expressed or implied, of the proprietor, is well settled. The former enters at his own risk." These decisions are in accord with the entire curent of authority, both English and American. Thus in 1 Thompson on Negligence, section 946, it i ssaid: "As a general rule, the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who come upon them not by an invitation, express or implied, but for their own purposes, or to gratify their curiosity, however innocent or laudable their purpose may be." In sections 947-952 many ilustrations of this principle are given. To same effect, see note to Godley v. Hagerty, 59 Am. Dec., 736; also note to Zoebisch v. Tarbell, 87 Am. Dec., 667; Hart v. Cole (Mass.) 31 N. E., 644, 16 L. R. A., 557; Sterger v. Van Siclen (N. Y.) 30 N. E., 987, 16 L. R. A., 640, 28 Am. St. Rep., 594. If it be conceded that the deceased was not technically a trespasser, but a licensee, still he was a bare licensee He had no business at the store. He went under the porch to get out of the rain, and remained there entirely for his own convenience. Under the above authorities, the owner of the property was under no liability to him to keep it safe. If the telephone company had owned both the building and the wire, it would not have been under any responsibility to the deceased for his injury, although he was under its porch by its implied consent, as he was there as a bare licensee, for his own convenience. If the telephone company would not be responsible if it owned both the wire and the building, it is certainly under no greater responsibility when it owned only the wire. If it had put its own wire negligently on its own building, and thus endangered its being struck by lightning, it would be responsible to those it invited to the building in a dangerous condition, but it

would not be responsible to those merely using it for their own convenience as a shelter in a time of storm. When it put its wire negligently on another person's building, and was negligent in securing it, it violated its duty to him, but it violated no duty to those to whom neither he nor it were under any obligation. We therefore conclude, for the reasons stated, the plaintiff made out no cause of action against appellant. This conclusion makes it unnecessary for us to consider the other questions discussed.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

### Dec. 18, 1903.

Judge Hobson's response to petition for rehearing by appellee:

The distinguished counsel for appellee concedes in the petition for rehearing that the facts of the case are fairly stated in the opinion. He also concedes the soundness of the authorities cited, and that if the telephone company had owned both the house and the wire it would not be responsible for the death of the intestate. But he insists that it does not follow that it is not responsible when it owned only the wire, and allowed it to remain on the building after it was requested by the owner of the building to remove it. No authority is cited by the learned counsel sustaining his contention, and he seems to misapprehend the legal principle upon which the opinion rests. This is that there can be no negligence where there is no legal duty. In 1 Shearman & Redfield on Negligence, section 8, in defining negligence, it is said: "The first element of our definition is a duty. If there is no duty, there can be no negligence. If the defendant owes a duty, but does not owe it to the plaintiff, the action will not lie. And there can be no duty to do any act which one has no legal right to do. The plain-

tiff must state and prove facts sufficient to show what the duty is, and that the defendant owes it to him." See, also, to same effect, Cooley on Torts, 659, 660. In Bishop on Non-Contract Law section 446, the. rule is thus stated: "To sustain an action for negligence, the plaintiff must have suffered a legal injury whereof he is entitled to complain. Therefore, however great the defendant's negligence, if it was committed without violating any duty which he owed either directly to the plaintiff, or to the public in a matter whereof he had the right to avail himself, as explained in the earlier chapters of this volume, there is nothing which the law will redress." He who handles an agency which is of itself dangerous to human life is responsible for injuries therefrom not caused by extraordinary natural occurrences or the interposition of strangers. Thomas v. Winchester, 6 N. Y., 397, 57 Am. Dec., 455; Norton v. Sewall, 106 Mass., 143, 8 Am. Rep., 298. But as to things which are not of themselves essentially instruments of danger the rule is different, and for them the negligent party is not responsible to strangers. Loop v. Litchfield, 42 N. Y., 351, 1 Am. Rep., 513; Losee v. Clute, 51 N. Y., 494, 10 Am. Rep., 638; Blakemore v. Railway Co., 8 El. & Bl., 1035. If the telephone company had used over its wires a current of electricity which was of itself dangerous to life, a different question would be presented; but the electricity which killed the intestate came from the clouds, and was the act of God. The current which the telephone company used in its business was harmless. It owed the intestate no duty to furnish him a safe shelter from the rain. When he used the porch as a shelter, he took it as he found it. The wire of the telephone company was not in or of itself an instrumentality dangerous to human life, and there was no duty violated to the

public in a matter whereof the intestate had the right to avail himself. Section 969 of Thompson on Negligence has reference to defects in premises which are in themselves dangerous. Sectin 807 refers to the liability of the company owning the wire to the owner of the house.

Petition overruled.