CASE 12.—ACTION BY FRANK J. BRUCKER AGAINST THE GAINESBORO TELEPHONE COMPANY FOR DAM-AGES FOR PERSONAL INJURIES.—March, 14.

## Brucker v. Gainesboro Telephone Co.

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1.  Electricity—Injury Incident to Use—Care Required.—Those handling electricity where the voltage is such as to endanger human life must exercise a very high degree of care for the safety of others, but, where a less voltage is used which is not of itself dangerous, those who use it are only liable for ordinary care.

Brucker v. Gainesboro Telephone Co.

2. Same.—A public telephone company inviting the public to use its instruments is not an insurer against injuries from electric shocks, but must use such care as may reasonably be expected of a person of ordinary prudence under the circumstances.

3. Evidence—Other Injuries.—In an action against a telephone company for injuries from an electric shock received by plaintiff while using one of defendant's instruments, evidence that a short time prior to plaintiff's injury a third person, in using another instrument in the same city, received a severe shock, was propery rejected.

EDWIN P. MORROW, W. BOYD MORROW, attorneys for appellant.

## POINTS AND AUTHORITIES CITED.

1. A telephone company receiving pay is held, and must be held to the strictest accountability for the safety of those using its phones. The ordinary instructions and the ordinary rules of the law of negligence does not apply to this case, but the duty is above the ordinary because of the consideration received by the telephone company.

2. A public pay station constitutes an invitation to the public; it in effect says this phone is safe, and can be used without danger.

3. We believe this case should be governed by the same rule that govern carriers of passengers for hire, electric light companies, and other insurers and conceive that the appellants right of recovery is not based upon negligence but is founded upon the violation of a duty to make safe, which cannot be discharged save by perfect protection.

4. The court erred in instruction No. 1, by instructing the jury as to negligence and carelessness and, failing to define carelessness and negligence.

5. Instruction No. 2, given by the court was erroneous in that it limited the recovery to damages for physical pain and mental suffering, while the allegations of the petition and the proof was for loss of time, permanent impairment of the nervous system and physical and mental pain and anguish.

6. The court erred in refusing to admit the testimony of S. S. Morrow to the effect that he had received a severe shock of electricity while using one of appellee's phones a shot time prior to the injury of the appellant.

Brucker v. Gainesboro Telephone Co.

### AUTHORITIES RELIED ON.

Thomas v. City of Somerset, Ky. Court of Appeals, November 22, 1906; Henderson National Bank v. Lagow, 3 Ky. Law Rep., 173; Wharton on Negligence, sections 90, 91, 109, 131, 995; Louisville Gas. Co. v. Gutensmith, 6 Ky. Law Rep., 469; Conley v. C. N. O. & T. P. Ry. Co., 89 Ky., 482; Clements v. The Electric Light Co., 89 Ky., 402; Koons Heirs v. The Gas Co., 114 N. C., —; McLaughlin v. Louisville Electric Light Co., 100 Ky., 193; Lexington v. Fain's Adm'r, 71 S. W., 629; City of Owensboro v. Knox's Adm'r, 76 S. W., 191; Switzer v. The Citizens' Electric Co., 21 Ky. Law eRp., 608; Overal v. The Louisville Electric Light Co., 20 Ky. Law Rep., 759; Thomas v. The Maysville Gas Co., 21 Ky. Law Rep., 1690.

JAMES DENTON, attorney for appellee.

### AUTHORITES CITED.

1. Distinction between companies carrying sufficient electricity to render them dangerous to human life and those which do not carry such dangerous currents. (Joyce on Electric Law, sections 445, 529.)

2. Negligence must be proven. (East Tenn. Tel. Co. v. Simms' Adm'r, 18 Ky. Law Rep., 761.)

3. Rule as to common carriers. (Louisville Ry. Co. v. Weams, 80 Ky., 420; I. C. R. R. Co. v. Vinson, 25 Ky. Law Rep., 38; L. & N. R. R. Co. v. Ritter's Adm'r, 2 Ky. Law Rep., 385; Story on Bailments, sections 601 and 601; Thompson on Negligence, vol. 3, sec. 2724, et seq; L. & N. Ry. Co. v. Berg, 17 Ky. Law Rep., 1105.)

4. Testimony of S. S. Morrow—incompetent. (Alsop v. Adams, 10 Ky. Law Rep., 362; Hughes v. Gen. Elec. Light & Power Co., 107 Ky., 485.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Gainesboro Telephone Company operates a telephone system in Somerset, Ky., and maintains a pay station at the Newtonian Hotel. Frank J. Brucker, while a guest at the hotel, was using the pay station to talk to his wife in Louisville. The 'phone did not

seem to work well, and he took hold of the metal arm with his hand to raise the mouthpiece.  When he did this, he received a severe shock of electricity which knocked him to the floor, rendering him unconscious and injuring his nerves.  He suffered from the shock for about a month, and brought this action to recover against the telephone company for his injury.  The proof for him on the trial was only of the facts above stated.  That for the telephone company was to the effect that the instrument was examined by one of its men in 10 minutes after the accident and was found to be all right.  It had not been out of order before, and the cause of the accident is entirely unexplained.  There was no storm at the time, although a high wind was blowing.  An electric light was burning in the booth, and the electric light company had its wires in the hotel and throughout the town.  These carried 2,200 volts of electricity.  The voltage of the telephone system was 75, and was not sufficient to hurt any one.  No one was in the booth at the time the accident occurred, but Brucker, or knew anything of the trouble until he fell to the floor.  The plaintiff asked the court to instruct the jury that it was the defendant's duty to so maintain its wires and appliances at its pay station as to protect from danger those who used them, and that, if it failed to do this and Brucker was injured by reason of the appliances not being free from danger, they should find for him.  The court refused to so instruct the jury, and instructed them that they should find for the plaintiff if they believed from the evidence that the defendant carelessly or negligently failed to so protect its wires and appliances, etc.  The jury found for the defendant, and the plaintiff appeals.

Those handling electricity where the voltage is such

as to endanger human life must exercise a very high degree of care for the safety of others, but where a less voltage is used which is not of itself dangerous those who use it are only liable for ordinary care. Triple State Gas Company v. Wellman, 114 Ky. 79, 24 Ky. Law Rep. 851, 70 S. W. 49; Mangan's Admr. v. Louisville Electric Light Company, 122 Ky. 476, 91 S. W. 703, 29 Ky. Law Rep. 38. A telephone company is a common carrier of messages, and not of persons. The duty it owes to a customer using one of its instruments is not different from that due to their customers by other persons inviting the public upon their premises for the transaction of business. In all such cases the person so inviting the public is not an insurer, but must use such care as may be reasonably expected of a person of ordinary prudence under the circumstances. In 1 Thompson on Negligence, section 970, the rule is thus stated: "In these cases—if we except the case of passenger elevators in buildings, separately considered—the law is reasonable, and does not demand of an owner of property more than the exercise of ordinary care with respect to the rights of third persons; but, on the other hand, it does demand the exercise of due, reasonable, or ordinary care."

The plaintiff offered to show by a witness that a short time prior to his injury the witness, in using another 'phone in the city, received a severe shock of electricity. This evidence was properly rejected. The condition of another 'phone at another time was purely a collateral matter. The question the jury were to try was whether the defendant had exercised ordinary care with the 'phone at which he was injured. It is a matter of common knowledge that wires sometimes get crossed, and the fact that another 'phone

was on another occasion out of order would have thrown no light on the case at bar.

Judgment affirmed.