CASE 3.—ACTION BY QUEEN LONG AND OTHERS AGAINST
THE LOUISVILLE & NASHVILLE R. R. CO. FOR
DAMAGES FOR POLLUTING HER SPRING.—Jan. 28.

## Long v. Louisville & Nashville R. R. Co.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for defendant; plaintiffs appeal—Reversed.

1. Waters—Pollution of Subterranean Waters—Right of Recovery—Title or Possession.—One in possession of land may recover from a wrongdoer without title for the pollution of a spring thereon without showing title.

2. Nuisance—Acts Constituting Nuisance.—One may lawfully bury the carcass of a dead animal on his land.

3. Same.—Noxious gases arising from the carrying on of lawful occupations are not nuisances in all situations, but may become such by reason of the trade being carried on in improper localities, or by reason of the gases being negligently suffered to escape.

4. Waters—Appropriation of Subterranean Waters.—One may sink on his own land such wells as he needs, though in so doing he may dry up his neighbor's well, provided he does not act maliciously, or use the water unnecessarily.

5. Negligence—Use of Property—Accidental Injury.—A person is not liable for a mere accident, which ordinary care on his part could not have anticipated or guarded against.

6. Same.—The rule that a man must use his own property so as not to injure his neighbor does not make one an insurer in the lawful use of his property, and, where in the lawful use thereof, a man does an injury which ordinary prudence would not have anticipated, there is no liability.

7. Waters — Subterranean Waters — Pollution. — A person who buries the carcass of a dead animal on his own land is not liable where his neighbor's spring is thereby polluted, unless the circumstances are such as to show that a person of ordi·

Long v. Louisville & Nashville R. R. Co.

nary prudence should have anticipated that such result would probably follow.

8. Negligence — Trial — Direction of Verdict.—Where there is room for an honest difference of opinion, among intelligent men as to whether the conduct of one was that of an ordinarily prudent man, the question is for the jury, though the facts are undisputed.

9. Waters—Pollution of Subterranean Waters—Evidence—Question for Jury.—Whether a person who buried the body of a dead animal on his land, and thereby polluted, the spring on a neighbor's land, failed to exercise proper care in burying the animal, held, under the evidence, for the jury.

10. Same—Measure of Damages.—The measure of damages for the pollution of a spring of water on an owner's land is the diminution in value of the use of the property during the time the water is polluted.

ROBERT HARDISON, JR., for appellants.

POINTS AND AUTHORITIES.

As appellants had been in possession of this land for five or six years under a deed of conveyance, which was regular, and as they had made various improvements on it, one of which was the well or spring injured by appellee, they were, in the absence of proof to the contrary, presumably entitled to the possession, and therefore entitled to recover for damages to the possession, even though they failed to prove title to the realty.

AUTHORITIES CITED.

L. & N. Railroad Company v. Moore et al., 101 S .W. 934; Elizabethtown, etc., Railroad Co. v. Price, etc., 11 Reporter, 367; 18 Am. and Eng. Ency. of Law, 452; Moore v. Calvert. 6 Bush, 356; Walden v. Conn, 84 Ky. 312; Kentucky Statutes, sec. 3728; Kinnaird v. Standard Oil Company, 89 Ky., 468; Kentucky Statutes, 1903, sec. 1278.

BROWDER & BROWDER, Attys., for appellee.

BENJAMIN D. WARFIELD of counsel.

The real question is, can this action be maintained at all? Conceding everything complained of in the petition and established by the evidence, and even admitting appellant's title to the

Long v. Louisville & Nashville R. R. Co.

land is good and sufficient, do the allegata et probata of the case state a valid cause of action? The petition probably does state a good cause of action but the petition as modified or amended, so to speak, by the evidence, clearly does not state any cause of action whatever.

This is not a case involving the right of the parties respecting a running stream of water. Nor is it a case involving riparian rights. It is distinctively a case involving the rights of the parties in relation to subsurface or subterraneous waters, and there is a marked distinction in the rules of law applicable to the case at bar and the rules of law applicable to riparian rights and runnings or surface water. Cujus est solum ejus est usque ad coelum is the maxim upon which the doctrine applicable to the present case is founded. The dominion of the owner of the land extends from the sky to the lowest depths of the earth, and while it is a general rule that every man shall so use his own property as not to injure the property of his neighbor, this last rule, like all general rules, is, in application, subject to modifications and exceptions growing out of the principles of natural right.

## CASES CITED.

Civil Code, sec. 606, subsec. 2; Roath v. Driscoll, 20 Conn, 533, s. c. 52 Am. Dec., 352; Edwards v. Haeger, 180 Ill., 99; Greenleaf v. Francis, 18 Pick (Mass.) 117; Clark County v. Miss. Lumber Company, 80 Miss., 535; Mosier v. Caldwell, 7 Nev. 363; Sou. Pac. Ry. Co., v. Dufour, 95 Calif., 615; Chase v. Silverstone, 62 Me. 175, s. c. 16 Am. Rep., 419; Ellis v. Duncan, 21 Barb., (N. Y.) 230; Elster v. Springfield, 49 Ohio St., 82; Wheatley v. Baugh, 25 Pa. St. 528, s. c. 64 Am. Dec., 721; Crescent M. Co. v. Silver K. M. Co., 17 Utah 444, s. c. 70 Am. St. Rep., 810; Miller v. Black Rock S. Imp. Co., 99 vs. 747, s. c. 86 Am. St. Rep., 924; Wheelock v. Jacobs, 70 Vt. 162, s. c. 67 Am. St. Rep., 659; Acton v. Blundell, 12 M. & W., 324; Dickenson v. Grand Junction Canal Company, 7 Ex., 282; Chasemore v. Richards, 7. H. L. Cases, 349; 3 Minor's Inst. 2nd Ed. 18; Trustees v. Youmans, 50 Barb. (N. Y.) 362, s. c. 6, Am. Rep., 100; Frazier v. Brown, 12 Ohio St., 294; Tate v. Parrish, 7 T. B. Mon., 325; Kinnaird v. Standard Oil Company, 89 Ky., 468; L. & N R Co v. Simpson, 17 Ky. Law Rep., 989.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Queen Long and her children live in Logan county, upon a small tract of land situated on the east side of the Louisville & Nashville Railroad. She bought the property in the year 1900, and has since lived upon it with her children. It contains about three-fourths of an acre. They make their living mainly by taking in washing. Shortly after they moved to the place, they dug a well or deep spring on the land near the right of way of the railroad. This spring has since furnished a never-failing supply of water for household and domestic purposes. About June, 1906, one of the trains on the railroad killed a yearling heifer near her place, and the section crew under the supervision of the section foreman buried the carcass on the right of way on the opposite side of the track from the spring, and a little north of it. About a week or 10 days after the heifer was buried the water of the spring became very foul smelling and unfit for use. This condition continued for some months. Queen Long and her children brought this action against the railroad company for the pollution of the spring. The land where the animal was buried is higher than the land where the spring is, and the natural drain of the surface water was originally toward the spring, but the railroad had made a fill some six or eight feet high between the point where the cow was buried and the spring. The fill was made when the railroad was built many years ago. The spring is 39 feet from the center of the track of the railroad, and the heifer was buried on the opposite side of the track and on the right of way about 70 feet in a straight line from the spring. On this proof

the circuit court dismissed the petition and they appeal.

The plaintiffs produced on the trial the deed which had been made them for the property. They did not show title from the Commonwealth, and this was unnecessary. They were in possession. If the defendant had wrongfully polluted their spring, they may recover such damages as they have sustained without showing a title to the land. The defendant set up no claim to the spring, and the person in possession may recover for a trespass or tort against a wrongdoer without showing title. L. & N. R. R. Co. v. Moore, 101 S. W. 934, 31 Ky. Law Rep. 141, 10 L. R. A. (N. S.) 579. The most serious question in the case is whether the proof shows any liability on the part of the defendant. A person may lawfully bury a dead body on his own land. The railroad company had the right to bury the heifer on its right of way. It was charged in the petition that the defendant negligently buried the animal so close to the spring that the water became polluted. There is no proof that the defendant had any reason to anticipate that the subterranean stream which fed the spring passed near the point where the heifer was buried. It is not shown that the heifer was not properly buried, and it is manifest from the proof that the decomposed matter from the body of the heifer did not reach the spring on the surface of the ground. Two questions therefore arise for decision: (1) Is the defendant responsible in any event for the pollution of the spring from the body of the heifer, although it had no reason to suppose that this result would follow? (2) Is there enough in the evidence to show a want of proper care on the part of the defendant in burying the heifer as it did?

1. In 1 Thompson on Negligence, section 718, the rule is thus stated: "Noxious gases and liquids arising from the carrying on of lawful and necessary occupations are not nuisances in all situations and under all circumstances, but may become such by reason of the trade being carried on in improper localities, or by reason of their being negligently suffered to escape. In the last case the gist of the action consists, not in the doing of the work, but in the manner in which it is done." The later cases seem to support this statement of the law. In Collins v. Chartier's Valley Gas Co., 131 Pa. 143, 18 Atl. 1012, 6 L. R. A. 280, 17 Am. St. Rep. 791, the defendant, in boring a well, turned salt water into the vein which supplied plaintiff's well and polluted it. It was held by the Supreme Court of Pennsylvania that whether the defendant was liable or not depended upon whether it knew, or in the exercise of reasonable judgment might have known, that the boring of the well in the way it was done, without shutting off the salt water, would ruin the wells in the vicinity. The court said: "Negligence in this sense is the absence of such care and regard for the rights of others as a prudent and just man would and should have in the same situation. If the plaintiff showed that the injury was plainly to be anticipated, and easily preventable with reasonable care and expense, he brought himself within the exception of all the cases from Wheatley v. Baugh, 25 Pa. 528, 64 Am. Dec. 721, to Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126, 6 Atl. 453, 57 Am. St. Rep. 445, inclusive." The same rule was announced by the Supreme Court of Ohio in Columbus Iron Co. v. Tucker, 48 Ohio St. 41, 26 N. E. 630, 12 L. R. A. 577, 29 Am. St. Rep. 528. In Scott v. Longwell, 139 Mich. 12, 102 N. W. 230, 5 Am. & Eng. Ann. Cas. 670, the

Supreme Court of Michigan held that the owner of
a mill race is not liable for water percolating from it
if he use such care as the circumstances demand of
one of ordinary prudence. The same rule applies to
fire spreading from the owner's premises to another's.
1 Thompson on Negligence, section 730. The case of
the L. & N. R. R. v. Simpson (Ky.) 33 S. W. 395,
17 Ky. Law Rep. 989, is not inconsistent with the
above authorities. In that case no question appears
to have been made as to the defendants not having
reason to anticipate the pollution of the spring. The
only question considered in that case was the measure
of damages. The case of Kinnaird v. Standard Oil
Co., 89 Ky. 468, 11 Ky. Law Rep. 692, 12 S. W. 937,
7 L. R. A. 451, 25 Am. St. Rep. 545, was also entirely
different. In that case the circuit court had instructed
the jury peremptorily to find for the defendant. The
question before the court is thus stated by it: "The
simple question is: Can the owner, with a knowledge
of the penetrating character of its oil, and the effects
following its leakage, store large quantities of it near
the spring of the plaintiff where the oil is seen in
puddles outside of the building, the result of leakage
of the casks on the inside, and then resist the claims
of the plaintiff on the ground that it did not know that
the water was affected by it?" On the other hand,
in the case of Tripple State Gas Co. v. Wellman,
114 Ky. 79, 24 Ky. Law Rep. 851, 70 S. W. 49, this
court, rejecting the rule laid down in Ryland's v.
Fletcher, 3 H. L. 330, held that the liability of the
company for an explosion of gas, caused by the escape
of the gas from its main, depended upon whether or
not the company had exercised such care as the cir-
cumstances demanded; and that, unless there was
some negligence on the part of the company, it was

not liable.   In Mangan's Adm'r v. Louisville Electric
Light Co., 122 Ky. 476, 91 S. W. 703, 29 Ky. Law Rep.
38, it was held that electric companies are not insurers
and are not responsible unless the electricity escapes
by reason of a want of such care as the law requires of
them.   The same rule was applied to telephone com-
panies in Brucker v. Gainesboro Telephone Co., 125
Ky. 92, 100 S. W. 240, 30 Ky. Law Rep. 1162.

If a person who has on his premises fire, water,
gas, or electricity is not an insurer, and is only re-
sponsible for damages where proper care is not used,
certainly a greater liability should not be placed upon
one who buries a dead body upon his own land.   The
rule is universal that the owner may dig on his own
land such wells as he needs, although in doing so he
may dry up his neighbor's well; but that he may not
do this maliciously or use the water unnecessarily.
Houston & Texas Central R. R. Co. v. East, 98 Tex.
146, 81 S. W. 279, 66 L. R. A. 738, 107 Am. St. Rep.
620, 4 Am. & Eng. Ann. Cas. 827, and note.   If the
owner of the land may divert the water from his
neighbor's well, it is hard to understand why he
should be responsible in damages when, without fault
on his part, he accidentally pollutes the water by bury-
ing a dead body on his own land without any reason
to suppose that the effect of this would be to pollute
his neighbor's spring.   The rule is elementary that
a person is not liable for a mere accident which ordi-
nary care on his part could not have anticipated or
guarded against.   The rule that a man must use his
own property so as not to injure his neighbor has
never been understood to make one an insurer in the
lawful use of his property.   If, in the lawful use of
his property, a man accidentally does an injury to his
neighbor which ordinary prudence would not have

vol. 128—3

anticipated to result from his act, it is damnum absque injuria. The law only requires of a man that in exercising his legal rights he shall exercise them with such regard for the rights of others as the circumstances demand of a person of ordinary prudence. There are a few cases in America following the rule laid down in Rylands v. Fletcher, but the entire trend of modern authority is now the other way. This is not the case of a known water course. The pollution of such a stream, whether under or above ground, rests on different grounds. Nor is it the case of a continuing nuisance, as where the owner continues to permit oil to escape when he knows or has reason to know that it will injure some one's land. In 1 Shearman and Redfield on Negligence, section 16, the rule is thus stated: "An accident is inevitable if the person by whom it occurs neither has nor is legally bound to have sufficient power to avoid it. In such a case the essential element of a legal duty is wanting; and it cannot, therefore, be a case of negligence. Therefore no one can be made responsible for damages caused to another by an act which is strictly lawful under all the circumstances, unless he has been negligent in the manner of doing the act." We therefore conclude that a person who buries a dead body on his own land is not an insurer, and is not liable if his neighbor's spring is thereby polluted, unless the circumstances are such as to show that a person of ordinary prudence should have anticipated the result which would probably follow.

2. As to the second question, the rule is that where there is room for an honest difference of opinion among intelligent men as to whether the conduct of the defendant was that of an ordinarily prudent man, in view of all the facts and circumstances surrounding

him, the question is for the jury, although the facts are undisputed. Dolfinger v. Fishback, 12 Bush. 480. Under this rule the peremptory instruction to find for the defendant should not have been given the jury. The grave was only 70 feet in a straight line from the spring. The slope of the land was downward from where the heifer was buried to the spring. The dump built by the railroad was built on top of the soil, and did not interfere with the underground drainage. It only kept the surface water from running toward the spring. It had no effect on the water that found its way into the grave of the animal. In most soils it cannot be safely trusted that water will not seep under ground 70 feet, especially in the direction the surface slopes. Whether there was a want of proper care in burying an animal so close to a spring is not a question on which the court can say there is no room for an honest difference of opinion among men of intelligence and a jury of 12 men coming from different walks of life, putting together their common experiences and practical knowledge of things, are peculiarly qualified to pass upon it. The measure of damages is the diminution in value of the use of the property during the time the water was polluted. L. & N. R. R. Co. v. Carter, 77 S. W. 719, 25 Ky. Law Rep. 1303. On the return of the case the plaintiff's may amend their petition so as to include damages sustained since the suit was filed.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.