[No. 14923.    Department One.    January 10, 1919.]

B. B. INMAN et al., Appellants, v. HOME TELEPHONE & TELEGRAPH COMPANY, Respondent.[1]

ELECTRICITY (4)—INJURIES INCIDENT TO USE—LICENSEES.    A person not a subscriber, injured by shock while using by permission a telephone in a neighbor's private residence, is a mere licensee; and such use not being within the reasonable contemplation of the telephone contract, and telephones not being highly dangerous, the company is not liable in the absence of proof that the injury was wilful, wanton, or malicious; hence proof of the accident does not make a prima facie case on the doctrine of res ipsa loquitur.

Appeal from a judgment of the superior court for Spokane county, Jurey, J., entered February 7, 1918, upon granting a nonsuit, dismissing an action for personal injuries sustained while using a telephone. Affirmed.

Robertson & Miller and Rosenhaupt & Grant, for appellants.

Post, Russell & Higgins, for respondent.

MACKINTOSH, J.—J. W. Fortune had in his residence a telephone installed by the defendant, which owned the wiring, instrument and equipment and furnished the ordinary telephone service. The plaintiffs were neighbors, living about a block distant from Fortune, and were not telephone subscribers. The plaintiff wife was injured while using the telephone, all the testimony in regard to the matter being the following:

"Q. Were you at the Fortune home on September 5, 1916? A. Yes, sir. Q. Did you try to use the telephone on that day? A. Yes. Q. Had you frequently used that phone before? A. Yes, sir. Q. I will ask you if you had permission to use the phone? A. Yes, sir. Q. On this date? A. Mr. Fortune told

[1]Reported in 177 Pac. 670.

me I could use the phone at any time. Q. How does it come you were using Mr. Fortune's phone on this day? A. Mr. Fortune gave me permission to use it. Q. When? A. He told me —— we were next door to him there; he said to come and use our phone any time you want to; I went in and asked Frances if I could use the phone and she said yes. Q. What happened? A. I took the receiver and held it to my ear; no one answered; I stood there, it seems to me, it must have been like about five minutes; there were two little girls standing out in the hall; I made the remark 'It is funny central does not answer'; I no more than said that, than there was a report went off, and then smoke flew out, and it threw me back against the wall.''

At the close of the plaintiffs' case, the court sustained a challenge to the sufficiency of the evidence. Our view, which we are about to express, of the law applicable to the facts of this case renders it unnecessary to pass upon the question of whether, in any event, the plaintiffs were entitled to have their case presented to the jury on the doctrine of "*res ipsa loquitur.*" That doctrine would only supply for the plaintiffs the proof of negligence which is not sufficient to render the defendant liable to them if the plaintiff wife was, while using the telephone, a trespasser or bare licensee. If that was the relationship between the parties, the defendant must be proven to have been guilty of more than mere negligence, and to become liable the injury must have been proven to have been willful, wanton or malicious; and bare proof of the happening of the accident would not suffice to make a *prima facie* case. Apparently without precedent, this case, on principle, discloses the plaintiff wife at best in the position of a mere licensee. The plaintiffs were not subscribers for telephone service and had no contractual relationship with the company. The only obligation owing them came through the use of For-

tune's telephone, by his permission, but without the defendant's knowledge; and he was not the owner of the telephone, but only a purchaser of telephone service. His contract with the company gave him no agency for it. The telephone, unlike other electrically-operated instruments, is not highly dangerous, in that its wires do not carry a dangerous current, so we have eliminated from our consideration those cases of liability of conveyers of high electric current for injuries to trespassers, licensees, children, etc., and have only to determine the rights under the Fortune contract. *Cumberland Telegraph & Telephone Co. v. Martin's Adm'r,* 116 Ky. 554, 76 S. W. 394, 77 S. W. 718, 105 Am. St. 229, 63 L. R. A. 469; *Brucker v. Gainesboro Telephone Co.,* 125 Ky. 92, 100 S. W. 240.

That contract gave its protection to all persons who were intended to be benefited by it; it assured a right of recovery for mere negligence to the Fortune family, its servants, guests, persons working about the house for the benefit and at the request of the owner, and all persons who could be said to have been in the contemplation of the company and the subscriber as liable to make use of the telephone in the reasonable, ordinary and customary conduct of a home such as the one involved. *Fish v. Waverly Electric Light & Power Co.,* 189 N. Y. 336, 82 N. E. 150, 13 L. R. A. (N. S.) 226; *Union Light, Heat & Power Co. v. Arntson,* 157 Fed. 540; *Southern Bell Telephone & Telegraph Co. v. McTyer,* 137 Ala. 601, 34 South. 1020, 97 Am. St. 62; *Reagan v. Boston Electric Light Co.,* 167 Mass. 406, 45 N. E. 743; *Anderson v. Seattle-Tacoma Interurban R. Co.,* 36 Wash. 387, 78 Pac. 1013, 104 Am. St. 962; *Bradley v. Sobolewsky,* 91 Conn. 492, 99 Atl. 1067.

But as to all persons outside the contemplation of the contract, the company, in order to be liable for their injury, must be shown to have been more than

merely negligent. The plaintiffs were accustomed to use this telephone; and Fortune had established, in effect, for them a free telephone service. This he could not do, for no such use of this telephone was reasonable or anticipated by the company when it was installed, or sanctioned thereafter. It may be that, in public or business places, such use is taken into consideration when telephones are placed there, and that the company is liable to such users as to subscribers; but the private residence, in the absence of agreement to that effect, is not supposed to be a public telephone station. Those using such telephones for purposes of their own and not in the interest of the owner of the house, and for their own convenience, and not casually, and not as members of the household, either permanently or temporarily, are at best, as far as the company is involved, bare licensees. *City of Greenville v. Pitts*, 102 Tex. 1, 107 S. W. 50, 132 Am. St. 843, 14 L. R. A. (N. S.) 979; *Stansfield v. Chesapeake & Potomac Telephone Co.*, 123 Md. 120, 91 Atl. 149, 52 L. R. A. (N. S.) 1170; *Cumberland Telegraph & Telephone Co. v. Martin's Adm'r*, 116 Ky. 554, 76 S. W. 394, 77 S. W. 718, 105 Am. St. 229, 63 L. R. A. 469.

As between Fortune and the plaintiff wife, she was entitled to the exercise of ordinary care for her safety. *Hanson v. Spokane Valley Land & Water Co.*, 58 Wash. 6, 107 Pac. 863. But as between the parties to this suit, she was no more than a mere licensee, and no proof having been presented of willful injury, the plaintiffs were not entitled to recovery. Jones, Telegraph and Telephone Companies (2d ed.), § 218; *Minneapolis General Elec. Co. v. Cronon*, 166 Fed. 651, 20 L. R. A. (N. S.) 816.

Judgment affirmed.

MAIN, C. J., MITCHELL, TOLMAN, and CHADWICK, JJ., concur.