FOSTER v. PORTLAND GOLD MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. March 31, 1902.)

No. 1,604.

1. NEGLIGENCE—DANGEROUS CONDITION OF PRIVATE PROPERTY— IMPLIED IN-VITATION TO VISIT—CARE REQUIRED.

A mining corporation which erects dwelling houses on a tract of land owned by it, and operated for mining purposes, extends an implied invitation to the public to treat the tract as a residence tract, and to enter and depart therefrom for all proper purposes incident to its use as such, and must therefore exercise reasonable care to have the premises in safe condition; and where it omits to open streets or highways, but requires persons desiring to visit the residences to cross the tract "at any point most convenient," and leaves unguarded a deep and abandoned shaft alongside one of the paths leading thereto, into which a person returning from one of the residences falls and is injured, it is guilty of negligence; the injured party not being, in such case, a mere tres-passer or licensee.

2. SAME—PLEADING.

The complaint in an action for such injuries need not aver that plain-tiff went onto the premises for a lawful purpose.

3. SAME.

The complaint need not aver, in terms, that defendant invited plaintiff onto the premises, but is sufficient if it avers the facts disclosing the invitation.

In Error to the Circuit Court of the United States for the District of Colorado.

Robert Graham, L. G. Campbell, and D. V. Burns, for plaintiff in error.

H. N. Hawkins (A. T. Gunnell, T. M. Patterson, and E. F. Rich-ardson, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge. The plaintiff below, who is plaintiff in error here, filed her complaint against the defendant corporation, alleging, in substance, that it was engaged in mining operations upon a large tract of land owned by it, adjoining the city of Victor, in the state of Colorado; that it had "erected, caused or permitted to be erected," upon this tract, "a large number of dwelling houses, which it permitted to be used and occupied by divers persons and families as residences"; that it opened or constructed no streets or highways for the use of the residents or persons desiring to visit the houses; that the tract was unfenced and open to the public; that defendant required persons visiting the houses to cross the tract at any point most convenient; that there was a path leading across to the resi-dences; that close to this path was a deep, abandoned shaft, which defendant had previously dug, and which was on April 22, 1900, owned and controlled by defendant; that the shaft was then unfenced and uncovered, but, by reason of a deep snow which had recently

fallen upon two pieces of timber lying across the mouth of the shaft, the same was practically concealed, so that it could not be seen by plaintiff or other persons passing near it; that defendant "carelessly, negligently, willfully, and unlawfully" allowed this shaft to be and remain unfenced and uncovered; that on the evening of April 22, 1900, the plaintiff "went to one of the houses on defendant's said unfenced lands, and, in returning therefrom across said lands, she, without any fault or negligence (or conduct) on her part, fell into said abandoned, unfenced, and uncovered shaft, and was suddenly precipitated a distance of 29½ feet" into the shaft, whereby she sustained a severe injury. To this complaint the defendant demurred, alleging as ground therefor that the same did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court, and, plaintiff declining to plead further, final judgment was entered in favor of the defendant.

The plaintiff brings the case here by writ of error, and assigns that the trial court erred in sustaining the demurrer to the complaint. Such being the facts, the only question presented for our consideration is whether the complaint states a cause of action.

The defendant contends that the allegations of the complaint make plaintiff a trespasser or bare licensee upon defendant's land, and that, such being the fact, the defendant owed her no duty, either of care or diligence, and therefore incurred no legal liability for failure to discharge any duty. It may be conceded that if plaintiff, a person of mature years and judgment, entered upon defendant's land without any right to do so, she was a trespasser, and, as such, could not have called into activity any obligation on the part of the owner to protect her against the perils incident to the place. So, too, if she were a bare licensee or volunteer (that is to say, if she went upon defendant's land by its mere sufferance or toleration, without its invitation or inducement, but solely for her own convenience or pleasure), she would be held to accept and enjoy the license, subject to all its concomitant risks and perils. Sweeny v. Railroad Co., 10 Allen, 368, 87 Am. Dec. 644; Reardon v. Thompson, 149 Mass. 267, 21 N. E. 369; Redigan v. Railroad Co., 155 Mass. 44, 28 N. E. 1133, 14 L. R. A. 276, 31 Am. St. Rep. 520; Benson v. Traction Co., 77 Md. 535, 26 Atl. 973, 20 L. R. A. 714, 39 Am. St. Rep. 436.

Defendant's counsel, in order to maintain their proposition, that plaintiff was a mere trespasser or licensee, were called upon to meet the proposition advanced by plaintiff's counsel, that the case made by the complaint shows an implied invitation held out by defendant to any person to enter upon its lands for any purpose incident to the uses to which the defendant put the same. If there was such an invitation, plaintiff's acceptance thereof subjected the defendant to certain duties and obligations towards her, totally different from those towards a trespasser or mere licensee. The rule seems to be well settled that "when one expressly or by implication invites others to come upon his premises, whether for business or any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger; and, to that end, he must exercise ordinary care and prudence to render the premises reasonably safe for the visit."

Cooley, Torts, p. 605; Carleton v. Franconia Steel Co., 99 Mass. 216; Sweeny v. Railroad Co., supra; Bennett v. Railroad Co., 102 U. S. 577, 26 L. Ed. 235.

The chief question for our consideration, therefore, is whether the complaint in this case discloses an invitation, within the meaning of the rule just stated, to the public to enter upon defendant's land for any purpose. In answering this question, we are disposed to adopt the test suggested by defendant's counsel, namely, that an invitation may be inferred where a common interest or mutual advantage prompts it. What, now, is the situation disclosed by the complaint? The defendant, for reasons satisfactory to itself, is maintaining upon its premises a large number of dwelling houses, and is using them, or permitting them to be used, as residences by divers persons and families. Whether defendant leases the houses to the residents for rent reserved, or whether it permits them to occupy the houses as incidental to its mining operations, does not distinctly appear; but it does appear that defendant, for some consideration deemed satisfactory to itself, is maintaining a settlement upon its premises, devoting its land to the uses of families for residence purposes. By so doing, defendant necessarily subjects the land to uses incident to family life, and among these, manifestly, is the right to entrance and exit, not only for the particular family occupying a given house, but for all others who in the usual and ordinary course of things have occasion to visit the occupier, either for pleasure or business. By maintaining this residence district, the defendant, in our opinion, must be held to have extended an invitation to the public to treat it as such, and to enter upon and depart from the district for any and all proper purposes incident to the use to which it was put. The interest and advantage of the owner, as well as its tenants and the public, obviously are subserved by such free access and egress. Without it, the residences would be unoccupied and profitless, and the entire purpose of their construction or maintenance thwarted. Plaintiff avers in her complaint that defendant never opened or constructed any streets or highways for the use of the public, but required persons desiring to visit any of the residences to approach the same across the tract of land at any point most convenient, and further alleges that the defendant "carelessly, negligently, willfully, and unlawfully" left a deep shaft, which it had previously dug near to one of the paths leading to and from the residences, to remain unguarded and unprotected, into which the plaintiff, "without any fault or negligence on her part," fell as she was returning from one of the residences to which she had been. We are of opinion that these averments, taken in connection with the invitation necessarily implied from defendant's maintaining the settlement, already pointed out, disclose a duty or obligation violated by defendant.

Defendant's counsel argues that plaintiff might have been upon defendant's premises for an unlawful purpose,—as, for instance, to commit a crime,—and that the complaint is defective in that such unlawful purpose is not negatived. We think the presumption should be indulged that plaintiff went upon the premises pursuant to the invitation held out, for a lawful and proper purpose, and that, if the

hypothesis suggested by counsel is correct, it may and should properly be urged as a defense.

The complaint, in our opinion, states facts which, if proved, would, with their reasonable and fair inferences, entitle plaintiff to recover, and this is the best test of the sufficiency of a complaint in a given case. It is true, as argued by counsel, that the complaint fails to aver in terms that the defendant invited the plaintiff upon the premises in question, but we think that such omission is not fatal to the complaint. In Mine & Smelter Supply Co. v. Parke & Lacy Co., 47 C. C. A. 34, 107 Fed. 881, this court, having occasion to consider the sufficiency of complaints under the Code of Colorado, remarked as follows: "When from the facts stated the law implies a promise to pay, the promise the law implies from the facts stated need not be alleged." We think it is likewise true that, when facts are alleged disclosing an invitation to the public to visit the defendant's premises, it is not fatal to the complaint, if the plaintiff fails to state the legal conclusion flowing from such facts.

For the reasons stated, we are of opinion that the complaint stated a cause of action at common law, and that the trial court erred in sustaining the demurrer.

We do not deem it necessary to now pass upon the proposition argued at length, that the complaint stated a cause of action under the statute of Colorado. A determination of this question involves a consideration of the constitutionality of an act of the legislature, which may never become important, and we therefore refrain from entering upon it.

The judgment must be reversed, and the cause is remanded to the trial court for a new trial.