## Weaver, Appellant, v. Carnegie Steel Company.

*Negligence—Licensee or guest—Visitor to steel plant.*

Where a party of 200 men visit a steel plant for their own pleasure and gratification, and the steel company furnishes them with a guide, and one of the party steps outside of the path chosen, which was about twenty-five feet wide, and falls through an aperture in the floor left open for the operation of the works, and is injured, such person being a mere licensee or guest, assumes the ordinary risks of a visit to such a place, and cannot recover from the steel company for his injuries.

Argued Oct. 28, 1908.   Appeal, No. 183, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1904, No. 472, on verdict for defendant in case of Joseph Weaver v. Carnegie Steel Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before BROWN, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving instructions for defendant.

*Thomas M. Marshall, Jr.*, for appellant, cited: Bennett v. R. R. Co., 102 U. S. 577.

*David A. Reed*, of *Reed, Smith, Shaw & Beal*, and *L. H. Burnett*, for appellee.—The case was properly withdrawn from the jury: Gramlich v. Wurst, 86 Pa. 74; Moore v. R. R. Co., 99 Pa. 301; Gillespie v. McGowan, 100 Pa. 144; R. R. Co. v. Schwindling, 101 Pa. 258; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Walsh v. Pittsburg Rys. Co., 221 Pa. 463; MacLean v. Burnham, 19 W. N. C. 53; Reardon v. Thompson, 149 Mass. 267 (21 N. E. Repr. 369); Bennett v. R. R. Co., 102 U. S. 577; Larmore v. Iron Co., 101 N. Y. 391 (4 N. E. Repr. 752);

Sterger v. VanSicklen, 132 N. Y. 499 (30 N. E. Repr. 987); Benson v. Baltimore Traction Co., 77 Md. 535 (26 Atl. Repr. 973); Ann Arbor R. R. Co. v. Kinz, 68 Ohio St. 210 (67 N. E. Repr. 479); Dixon v. Swift, 98 Me. 207 (56 Atl. Repr. 761); Glaser v. Rothschild, 106 Mo. App. 418 (80 S. W. Repr. 332); Stevens v. Nichols, 155 Mass. 472 (29 N. E. Repr. 1150).

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

In this action the appellant sought to recover damages for personal injuries; and he complains in this appeal of the trial judge for directing a verdict for the defendant. It appears from the evidence that in one of the buildings upon the premises of the defendant company, in front of a long row of open hearth furnaces, was an iron and brick floor. This was known as the "charging floor," and it extended in width from the doors of the furnaces to the wall of the building, a distance of forty-four feet. For a distance of about twenty feet from the furnaces the floor was of solid brick; the remainder of it was composed of removable iron plates resting upon girders. Below the floor was a cellar for retaining rubbish which it was necessary to remove at intervals, and to facilitate this process the iron floor plates were lifted from time to time as needed, leaving a temporary opening in the floor. In the month of January, 1903, the plaintiff with a large number of others, more than 200 in all, visited the works of the defendant company, and upon the day of the visit one of the floor plates, about five feet long and four feet wide, had been removed and through the opening buckets of rubbish were being hoisted from the cellar. A space of clear floor, about twenty-seven feet in width, lay between the opening and the furnaces, and over this space as a pathway, a guide furnished by the defendant company, led the party of visitors. It appears that the members of the party did not walk in close order, but spread out considerably, and the plaintiff walking well away from the line of the furnaces, failed to notice the opening in the floor caused by the removal of the iron plate, walked into the opening, fell to the bottom of the cellar, and was injured.

Counsel for appellant contends in his argument that the

defendant company, having granted permission to visit its works, and furnished a guide, was under the implied duty of warning and guarding the plaintiff against the danger of falling into the particular opening in the floor into which he walked. A steel mill is by no means a place of public entertainment. If visitors go there to gratify their curiosity in seeing the process of manufacture, they must take the premises as they find them.   In Gillis v. Railroad Co., 59 Pa. 129, this court held that a person using the private property of another by permission or sufferance, takes upon himself the incidental risk. And this doctrine has been many times reiterated, as was done with emphasis in Thompson v. B. & O. R. R. Co., 218 Pa. 444. In the present case permission was sought and obtained in behalf of the body of gentlemen who were visiting the mill. The object of the visit was to afford pleasure and benefit to the visitors; so that the facts show merely a case of license upon the part of the owner.   There is nothing in the record to show that appellant was invited or induced by any act of the defendant to visit the steel mill, but it does appear that he went there entirely for his own personal gratification.   The authorities are almost uniformly to the effect that licensees and guests assume the ordinary risks of getting hurt while upon the premises of the licensor or host.   But they do not assume extraordinary risk, such as would arise from anything in the nature of a concealed trap.   In this case the opening into the cellar was part of the apparatus arranged for the convenient and proper operation of the mill, and was in no sense a trap or an obstruction to anyone making good use of his senses.   The guide could not reasonably be expected to give close individual attention to each one of the 200 or more visitors who were following him.   He could show the way, but something had to be left to the good sense of the visitors in following through a somewhat dangerous course.   The path chosen—more than twenty-five feet in width—was ample to permit the plaintiff to pass in safety had he kept within its reasonable limits.   The evidence of the guide shows that the opening in the floor was so far to the side, that he did not notice it as he passed.

We are satisfied that the position assumed by the learned trial judge in this case, in directing a verdict for the defendant, is sustained both by reason and the great weight of the authorities, and therefore the judgment is affirmed.