[No. 8409.   Department Two.   March 25, 1910.]

ALEX HANSON, *Respondent*, v. SPOKANE VALLEY LAND AND WATER COMPANY, *Appellant*.[1]

NEGLIGENCE—WAYS—INVITATION—LICENSEE—PLEADING.   An allegation that a road was a private road and way of necessity, constantly traveled over by the public generally, has the effect to charge that it was a public way over private land, and use thereof by the public for some years amounts to an implied invitation to the public to use it, so that one using it would not be a mere licensee.

SAME—WAYS—PERSONS LIABLE—EXCAVATIONS.   A water company making an excavation across a public way on private land, is liable for consequent injuries to a traveler impliedly invited to use the road, although the company was not the owner of the land.

SAME—WAYS—INVITATION.   A well-defined private way connecting with the main traveled road, left open to and much traveled by the public, amounts to an implied invitation to the public to use it.

SAME—WAYS—NEGLIGENCE.   It is negligence to dig a ditch across a public road on private land, and leave the same unguarded at night.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 5, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by reason of defendant's ditch across a highway.   Affirmed.

*Allen & Allen*, for appellant.

*A. G. Gray, John M. Gleeson*, and *Joseph F. Morton*, for respondent.

MOUNT, J.—The respondent in this case was injured by falling into a canal across a way which he was traveling after night.   He recovered a judgment against the appellant, which constructed the canal.   Appeal is prosecuted from that judgment.

The complaint upon which the case was tried alleged, among other things, that on the 1st day of January, 1908

¹Reported in 107 Pac. 863.

and for some years prior thereto and ever since said time, there was and is a well defined and traveled private road and way of necessity which the public generally, constantly, and daily traveled over and upon, and the same was and has been for many years last past open to travel as aforesaid, and is a well-defined road running in a northerly and southerly direction through about the middle of the east half of section 4, township 25 north, range 45 E., W. M., said road being about a mile long and connecting with the public highway on the north line of section 4; that during the early part of the year 1908, the defendant company commenced to construct a large irrigation ditch in an easterly and westerly direction across said section 4 and across said road at right angles; that in constructing said ditch the defendant company excavated on the east and west up to the line of said road, and then ceased to excavate for some period of time unknown to the plaintiff; that said road remained in said condition unobstructed by any excavation for some period of time unknown to the plaintiff, and during said time said road was traveled by the plaintiff and the public generally; that subsequently, about the 8th day of June, 1908, the defendant company carelessly and negligently extended said ditch six to eight feet wide and one and one-half to two feet deep, across said road, and carelessly and negligently allowed said ditch to remain without any barrier, lights, or warning to the public and the persons traveling over said road, and on or about the 18th day of June, 1908, at about nine o'clock in the nighttime, the plaintiff was traveling over said road on horseback when the horse fell into said ditch and caused plaintiff to be thrown upon the horn of the saddle, permanently injuring the plaintiff.

It is argued by the appellant that the court erred in overruling his demurrer to this complaint, and also in overruling his objection to the introduction of any evidence under it. This argument is based upon the fact that the complaint alleges that the way was a "private road and way of neces-

sity," and it is not alleged that the way belonged to the plaintiff, and that the only interest which the plaintiff had therein was as one of the public, and that there is no allegation that the owner of the way invited the public to use it. It is argued from these facts that the plaintiff and the public using the road were mere licensees, and that the owner of the land owed no duty to a traveler thereon except to avoid wilful wrong and wanton carelessness. While the complaint alleges that the road was a private road and way of necessity, it also alleges in that same connection that the road was traveled over by the public generally, constantly, and daily for some years prior to January 1, 1908. The effect of these allegations is that the road was a public way over private land. The whole allegation taken together could mean nothing less. It is not claimed that the plaintiff was the owner of the way, but he certainly had the same right as any of the public to use it. While the complaint does not directly allege an invitation to the public, it appears that the public made use of the way for "some years prior to January 1, 1908," and that the way connected with the public highway on the north of section 4. This amounts to an implied invitation, because public user long continued will imply an invitation. *Phillips v. Library Co.*, 55 N. J. L. 307, 27 Atl. 478. Or it may be implied when an owner by acts or conduct leads another to believe that the land was intended to be used as he used it, and that such use is not only acquiesced in by the owners, but is in accordance with the intention or design for which the way was adapted or allowed to be used. *Turess v. New York S. & W. R. Co.*, 61 N. J. L. 314, 40 Atl. 614.

It follows, therefore, that the respondent was not a mere licensee. He was an invitee under the alleged facts. Such invitation would continue so long as the way remained open and the public availed itself of such use, and while continued, the owners and others would be liable the same as though such road were regularly laid out and owned by the

public. It is the rule, as argued by the appellant, that an owner owes to a licensee no duty as to the condition of the premises, except that the owner should not knowingly permit the licensee to run upon hidden dangers, or wilfully cause him harm. *McConkey v. Oregon R. & Nav. Co.*, 35 Wash. 55, 76 Pac. 526. But to one invited upon premises, the owner is under obligation for reasonable security for the purpose for which the invitee is upon the land. *Beehler v. Daniels, Cornell & Co.*, 18 R. I. 563, 29 Atl. 6, 49 Am. St. 790, 27 L. R. A. 512. Mr. Thompson, in his Commentaries on the Law of Negligence, at § 1012, vol. 1, states the rule as follows:

"If a man establishes a private road, path or other way upon his own ground, and impliedly invites the public to use it, he is, according to some holdings, under an obligation to exercise reasonable care and diligence to keep it in a safe condition for the benefit of any one who may have to use it,— that is to say, to keep it free from dangerous obstructions, pitfalls, etc."

After referring to certain American and English cases, the same author, at § 1015, continues:

"Some of the foregoing decisions are difficult to reconcile with the general rule of law already stated, that bare licensees take the premises of the land-owner as they find them, and come upon them at their own risk, and that he is under no duty to exert himself to keep them safe for his benefit. If the land-owner has been in the habit of allowing the public to make use of a private way while it was safe, and has, by some affirmative act of his own, endangered the passage upon it without giving the public any warning,—as by digging an unguarded pit by the side of it,—it would seem that he ought to be held liable in damages for any injury thereby happening to any member of the public, on the ground that he has been guilty of a plain violation of social duty. But where a man establishes a private way of any sort for his own purposes merely, the mere fact that he is not so unneighborly as to exclude the public from the use of it, ought not, it should seem, to place him under any particular duty to care for it, to the end of promoting *their* safety."

Mr. Wharton states the rule as follows:

"Nor am I justified in making excavations either on the path which I have permitted other persons to traverse, or so near a public road that travelers, in the ordinary aberration or casualties of travel, may stray or be driven over the line and be injured by falling into the excavation. But beyond this my liability to trespassers, voluntary or involuntary, does not go. I may make what excavations I choose on my own land, without fencing them in, provided they are not on a line over which I permit travelers to pass, or so near a public road that in them a traveler may unwittingly fall." Wharton, Law of Negligence (2d ed.), § 349.

And in 29 Cyc., page 466, as follows:

"Where the public has been accustomed to use a private way it is negligence for the owner to make an unguarded excavation therein, or otherwise dangerously obstruct it, or to conduct his business in a manner dangerous to those passing, or to fail to keep it in repair."

See, also, *De Tarr v. Ferd. Heim Brewing Co.*, 62 Kan. 188, 61 Pac. 689; *Campbell v. Boyd*, 88 N. C. 129, 43 Am. Rep. 740; *Phillips v. Library Co.*, *supra*; *Graves v. Thomas*, 95 Ind. 361, 48 Am. Rep. 727.

It is immaterial whether the appellant owned the land over which the way was used. Under the rule above stated, he would be liable if he made a dangerous excavation in the way, where he knew the public were invited and were accustomed to travel. We are of the opinion, therefore, that the complaint states a cause of action.

It is also argued that the court erred in denying appellant's motion challenging the sufficiency of the evidence to sustain a verdict. This argument is based upon the theory that the evidence fails to show a private way of necessity, or that the public had a legal right to use the road, or that the appellant owed any duty except to avoid wilful and wanton injury. The evidence very clearly shows, that the road in question was a well-defined and much traveled road; that it connected with the main traveled public highway to

the north; that for many years it had been closed by a gate at the public highway, and that people using the road had opened and closed this gate; that about two years before the accident, the gate had become dilapidated and was not thereafter used, and the road was kept open to the public. This clearly implied an invitation to the public, and any person having occasion there to use the same, and whether the road was originally intended as a private way or way of necessity is of no importance. The fact that the road was well defined and much used and was left open, was an invitation to the public as much as though a special notice had been posted authorizing its use. Under these conditions and under the authorities above cited, it was the duty of the appellant, or any other person making an excavation therein or digging a canal across the road, to take some precaution to warn persons lawfully there of danger. An excavation such as the one in question here, across a road where persons had a right to be after night, was in the nature of a trap.

It is also argued that the evidence shows that the respondent knew, or should have known, of the ditch, and should have avoided it in the exercise of ordinary care, and therefore may not recover. The evidence was conflicting upon these points, and the finding of the jury is conclusive.

Several objections are made to the instructions. The main points urged against the instructions are disposed of by what we have said above, and we shall not further discuss them. It is sufficient to say, however, that the instructions given by the court were clear and concise and covered the law of the case fully. No error was made either in the instructions given or in those requested and refused.

The judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, CROW, and PARKER, JJ., concur.