## BARBER ASPHALT PAVING CO. v. AUSTIN.

(Circuit Court of Appeals, Eighth Circuit.   March 30, 1911.)

### No. 3,450.

**1. Master and Servant (§ 278\*)—Injury to Servant—Negligence.**

The location in a brickyard of uncovered and unguarded manholes connecting with underground conduits leading to kilns for burning brick, at places in close proximity to where employés are invited and expected to pass in the discharge of their common duties, is substantial evidence of the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.\*]

**2. Master and Servant (§ 221\*)—Injury to Servant—Assumption of Risk.**

An employé, who continues in the employment for a reasonable time in reliance on the promise of the employer to repair defects complained of, does not assume the risk of injury resulting from such defects.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 638–647; Dec. Dig. § 221.\*]

**3. Master and Servant (§ 204\*)—Assumption of Risk—Statutes.**

Acts 32d Gen. Assem. Iowa, c. 181, relieving an employé from risk incident to remaining in the employment on his giving a written notice of a defect causing injury, does not supersede the common law making a complaint of defect, promise of reparation, and remaining in employment in reliance on the promise, essential to secure immunity from assumption of risk, but confers an additional right.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.\*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**4. Statutes (§ 239\*)—Construction—Changing Common Law.**

A statute will not be construed as altering the common law farther than its words import.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 320; Dec. Dig. § 239;\* Common Law, Cent. Dig. § 12.]

**5. Master and Servant (§ 236\*)—Injury to Servant—Contributory Negligence.**

An employé, continuing in the employment in reliance on the employer's promise to repair defects complained of, is not relieved from the duty of observing ordinary care for his own safety.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 723–742; Dec. Dig. § 236.\*]

**6. Master and Servant (§ 289\*)—Injuries to Servant—Contributory Negligence—Question for Jury.**

Whether an employé, injured by falling into an open manhole on the employer's premises, was guilty of contributory negligence, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.\*]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles Austin against the Barber Asphalt Paving Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

This was a suit to recover damages for injuries alleged to have been occasioned by the negligence of the defendant company in maintaining an open manhole on its premises into which plaintiff fell and sustained an injury. The defenses were a denial of defendant's negligence, assumption of risk, and contributory negligence by plaintiff.

There was substantial testimony tending to show that the premises where the injury occurred consisted of a brick-paved yard in which were located 16 kilns for burning brick with an underground conduit extending from each of the kilns to a nearby smokestack. A separate manhole, distant about eight feet from the kiln and close to the smokestack, which was two feet in diameter, extended from surface of the yard to a depth vertically of about seven feet and connected with each conduit leading from the kilns to the stacks. In the process of burning brick these manholes were required to be opened a part of the time, and when open were uncovered and unguarded. The heat in them until they were completely cooled off by opening them up was so intense as to severely burn if not to kill an unfortunate that might fall into them. About this yard workmen, including the plaintiff who had general charge of the brick burning, were required to perform duties which occasionally took them across the yard between the kilns and manholes. In going from the lower end of the yard to the office of the superintendent at the upper end, workmen or others could and naturally would go directly over the pavement between the kilns and stacks, but could go around the yard in a more circuitous way. Plaintiff had large experience in burning brick and had been in the employ of the defendant in general charge of the burning operations for two years before his injury, and during that time at least had been familiar with the location of the manholes and of the requirement for opening them.

The verdict, on the issues joined, conclusively established that a short time before the accident in question plaintiff complained to the general superintendent of the defendant of the danger to himself and other workmen from the unguarded manholes and exacted a promise from him to have them properly guarded or protected. Relying on that promise, he continued to work in the yard, and before a reasonable time had elapsed for the fulfillment of the promise, while passing through the yard between one of the kilns and its smokestack in obedience to a call from the general superintendent to report at the office, and being distracted by a heavy wind which blew off his hat, he fell into a manhole and received serious injuries.

From a judgment in favor of plaintiff, the defendant prosecutes error.

Nathaniel T. Guernsey (Alonzo C. Parker and William E. Miller, on the brief), for plaintiff in error.

Eugene D. Perry (Silas B. Allen, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge (after stating the facts as above). The important question in this case is whether the Circuit Court erred in refusing to instruct the jury to return a verdict for the defendant. It is claimed this should have been done because there was no substantial evidence of negligence by the defendant and because the evidence conclusively showed plaintiff to have assumed the risk and to have been guilty of contributory negligence.

**[1]** We find it unnecessary to detail the evidence with respect to defendant's negligence. The learned trial judge fairly submitted this question to the jury. He told them:

"Now the one question is: Was the company guilty of negligence in not barricading the manhole? Now that question I leave to you. Would an ordinarily prudent man have barricaded that manhole?"

No exception was taken to the charge in this particular, and without doubt the location in the yard at places in close proximity to where the employés were invited and expected to pass in the discharge of their common duties, of dangerous pitfalls like the manholes in question without either guarding them or protecting them, constituted substantial evidence of negligence on the part of the defendant. Foster v. Portland Gold Min. Co., 52 C. C. A. 393, 114 Fed. 613.

We pass, therefore, to a consideration of the questions whether the plaintiff assumed the risk or negligently contributed to the injury which he sustained.

**[2]** It is first contended that by reason of his long familiarity with and actual knowledge of the exposed condition of the manholes he assumed the risk of continuing to work in the yard in close proximity to them. This would undoubtedly be true except for the complaint, promise to repair, and continuance in the employment in reliance upon that promise. Tested by this rule, there was, in our opinion, no assumption of the risk in this case for a reasonable time within which the promised repair could have been made. Crookston Lumber Co. v. Boutin, 79 C. C. A. 368, 149 Fed. 680.

**[3]** It is urged, however, that the statute of Iowa (Acts 1907, c. 181, p. 182) required the complaint of defect to be in writing, and because no such written complaint was made plaintiff's assumption of risk was not avoided. The statute in question reads as follows:

"In all cases where the property, works, machinery or appliances of an employer are defective or out of repair and the employé has knowledge thereof, and has given *written* notice to the employer * * * of the particular defect or want of repair, * * * no employé after such notice, shall by reason of remaining in the employment with such knowledge, be deemed to have assumed the risk incident to the danger arising from such defect or want of repair."

We do not think this statute supersedes the common law which made a complaint of defect, promise of reparation, and remaining in employment in reliance upon the promise essential to secure immunity from assumption of the risk. The Iowa statute relieves a servant from the risk, incident to remaining in the employment of a master provided only he shall have given a notice in writing of a defect which caused his injury. His immunity is not made dependent upon the proof of a promise by the employer to cure the defect or reliance upon that promise. We think, therefore, the statute was intended to confer a cumulative or additional right rather than to abridge an existing one.

It is not believed the Legislature intended to take away this existing right, but rather to make an alternative or cumulative provision which when available would render the right more secure.

. [4] The common-law right is clearly not inconsistent with the statutory right.

"No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." Shaw v. Railroad Co., 101 U. S. 557, 565, 25 L. Ed. 892.

See, also, to the same effect, Kinyon v. Chicago, etc., Ry. Co., 118 Iowa, 349, 92 N. W. 40, 96 Am. St. Rep. 382; Rich v. Keyser, 54 Pa. 86; Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245, 86 N. Y. Supp. 49; Colorado Milling Co. v. Mitchell, 26 Colo. 284, 58 Pac. 28.

[5] Although the complaint and promise of reparation may have relieved the plaintiff from the assumption of the ordinary risk of continuing in defendant's service for a reasonable time thereafter, it did not relieve him from afterwards observing ordinary care for his own safety. Crookston Lumber Co. v. Boutin, supra.

Does the proof conclusively disclose that he failed in doing so?

[6] Defendant's counsel contend that he might have gone around the yard on either side on his way to the office when summoned there; that a safe way was there provided for him; that his selection of a way through the yard which took him near the dangerous manhole was a choice of a dangerous way when a safe way was provided; and that this constituted contributory negligence on his part. We do not think we can declare as a matter of law that this was so. The way through the yard was not so obviously dangerous as to preclude the possibility of any one in the exercise of reasonable care in safely employing it. The yard was paved with brick, and there was a clear passageway seven or eight feet wide between the kiln and the open manhole. Workmen about the yard had frequent occasion in the discharge of their duties to pass there, and the way through the yard past these manholes was the customary way taken by the employés. Neither was the way around the yard so free from peril as to afford assurance of greater safety if that circuitous route had been selected. On the sides of the yard were railway tracks upon which cars were frequently moved and wagonways over or across which gangs of workmen were frequently wheeling brick and performing duties connected with their employment.

. In view of these and other facts, we think the question of contributory negligence was for the jury to decide.

The cases relied on by defendant are unlike this.

In Crookston Lumber Co. v. Boutin, supra, a servant undertook to clean a pulley over which a dangerous band saw was revolving, heedlessly and recklessly occupying a position of great danger when he could readily have occupied a position of perfect safety.

In Williams Cooperage Co. v. Headrick, 86 C. C. A. 548, 159 Fed. 680, the plaintiff took a short cut through a narrow and perilous way 18 inches wide, which brought him into close proximity to a rapidly revolving ripsaw, when a slight detour would have taken him over an unquestionably safe way to his destination.

In American Linseed Company v. Heins, 72 C. C. A. 533, 141 Fed. 45, a workman attempted to jump over a revolving drum when he could have readily walked around it in perfect safety.

These cases and others like them plainly disclose that the plaintiff undertook to perform an act carelessly and recklessly when a safe and convenient way for doing it was open before him.

The present case discloses no such obvious recklessness. On the contrary, it discloses a fair controversy of fact whether plaintiff under all the circumstances exercised reasonable or ordinary care for his own safety in going through the yard rather than around it.

There was substantial evidence to warrant a submission of this issue to the jury, and it seems to have been done in an unexceptionable way.

Other assignments of error, in so far as they were based on exceptions properly presented, have been examined and found to be untenable.

The judgment is affirmed.