## Schiffer, Appellant, *v.* Sauer Company, et al.

*Negligence—Buildings in course of erection—Contractors—Persons on premises—Licensee—Gas explosion.*

In an action to recover damages for personal injuries where it appears that plaintiff, a carpenter seeking employment, entered a building in the course of erection while the defendants, one a

contractor employed to do the plumbing work in the building and the other a gas company which was to furnish gas thereto, were jointly engaged in testing and inspecting the gas pipes, and was injured by an explosion resulting from the omission to plug or cap two openings in the main gas line in the building, judgment is properly entered by the court in favor of the defendants since the plaintiff was a mere licensee, and the only duty the defendants owed him was to abstain from inflicting on him an intentional, wanton or wilful injury.

Argued October 29, 1912.    Appeal, No. 159, Oct. T., 1912, by plaintiff, from judgment of C. P., No. 4, Allegheny Co., Third T., 1908, No. 681, in favor of defendant n. o. v., in case of James H. Schiffer v. W. N. Sauer Company and The Philadelphia Company.    Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of the plaintiff for $2,250.    Subsequently the court entered judgment for defendant n. o. v.    Plaintiff appealed.

*Error assigned* was the action of the court in entering judgment for defendant n. o. v.

*James A. Wakefield,* with him *Benj. C. Tunison,* for appellant.—Plaintiff was not a trespasser: Plummer v. Dill, 156 Mass. 426 (31 N. E. Repr. 128) ; Larmore v. Crown Point Iron Co., 101 N. Y. 391 (4 N. E. Repr. 752) ; MacLean v. Burnham, 19 W. N. C. 53.

Even if plaintiff was a mere licensee, defendants were liable: Daltry v. Electric Light, Heat & Power Co., 208 Pa. 403; Mullen v. Wilkes-Barre Gas & Electric Co., 229 Pa. 54; Guinn v. Delaware & Atl. Tel. and Tel. Co., 3 L. R. A. (N. S. 988) ; Commonwealth Electric Co. v.

Melville, 210 Ill. 70 (70 N. E. Repr. 1052) ; Cameron v. Vandergriff, 53 Ark. 381 (13 S. W. Repr. 1092) ; Byrne v. R. R. Co., 104 N. Y. 362 (10 N. E. Repr. 539) ; Wittleder v. Citizens' Electric Ill. Co., 64 N. Y. Supp. 114; Shirey v. Consumers' Gas Co., 215 Pa. 399; McKenna v. Bridgewater Gas Co., 193 Pa. 633; Koelsch v. Philadelphia Co., 152 Pa. 355.

*U. G. Vogan,* with him *Harry J. Nesbit* and *John H. Prestley,* for appellees.—Defendants owed the plaintiff no duty and are liable only for wanton or wilful injury: Gramlich v. Wurst, 86 Pa. 74; Cumberland Telegraph & Telephone Co. v. Martin, 116 Kentucky 554 (76 S. W. Repr. 394; 77 S. W. Repr. 718) ; McCaughna v. Electric Co., 129 Mich. 407 (89 N. W. Repr. 73) ; Hector v. Boston Electric Light Co., 161 Mass. 558 (37 N. E. Repr. 773) ; Augusta Railway Co. v. Andrews, 89 Ga. 653 (16 S. E. Repr. 203) ; Sweeny v. Old Colony & Newport R. R. Co., 92 Mass. 368; Pittsburgh, Fort Wayne & Chicago Ry. Co. v. Bingham, 29 Ohio 364.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

The plaintiff is a carpenter and for the purpose of seeking employment on January 28, 1908, he entered the bakery building of Bauer Brothers on Penn avenue, in the City of Pittsburgh. At the time of the accident in which he was injured, the building was in course of erection, nearly completed, and was closed to the public by temporary doors. The contractor had a temporary office outside the building, and the plaintiff finding no one in the office entered the building and met a person, having no connection with the construction of the building, who directed him upstairs to the foreman. While ascending the stairway an explosion of gas took place in the building which resulted in the plaintiff being severely injured. At the time of the explosion the defendants were engaged in testing and inspecting the gas pipes which had been placed in the building, and the

gas was turned into the building for that purpose. The Sauer Company was the contractor employed to do the plumbing work in the building and the Philadelphia Company was to furnish the gas to the newly constructed building, and, at the request of the Sauer Company, was assisting in testing and inspecting the pipes. It appears that two openings left in the main gas line in the building for the purpose of making connections with it were not plugged or capped, and when the gas was turned on to make the test it escaped through the holes and coming in contact with a fire located in the building caused the explosion which resulted in the plaintiff's injuries.

The case was submitted to the jury, who found for the plaintiff. The learned court below entered judgment for the defendants non obstante veredicto, and the plaintiff has taken this appeal.

It is clear that the plaintiff has no legal ground of complaint against either of the defendant companies. At the time of the accident they were both properly in the building and engaged in work which required them to be there. The Sauer Company, employed to do the plumbing in the building, was placing the gas pipes in the building. The Philadelphia Company was to furnish the gas to the building after it was completed. They were jointly making an inspection and testing the pipes before their use in the building by the owner when the explosion occurred. For this purpose and for the time being they were in possession of that part of the building in which the work was being done. They, therefore, owed no higher duty to the plaintiff than the owner of the building if the explosion had occurred while he was doing the work.

The plaintiff did not enter the building by invitation, express or implied, or for the purpose of transacting any business in which either of the defendants was concerned. He was seeking employment as a carpenter, a matter of his own concern, and with which neither of

the defendants had anything to do. He was, therefore, a mere licensee, and the only duty the defendants owed him, under the conceded facts of the case, was to abstain from inflicting on him an intentional, wanton or wilful injury. This rule is so well settled that a discussion of the question is unnecessary; it is the uniform rule established by all the cases. See 29 Cyc. 449, et seq., and cases cited in notes. Larmore v. Crown Point Iron Company, 54 Am. Rep. 718 (101 N. Y. 291), is similar to the case in hand. It was an action to recover damages sustained by the plaintiff who was injured by a defective machine on the defendant company's premises where he had gone to seek employment. In reversing the judgment for the plaintiff, Mr. Justice ANDREWS, in delivering the opinion, said, inter alia (p. 720) : "He (plaintiff) was on the premises at most by the mere implied sufferance or license of the defendant, and not on its invitation express or implied, nor was he there in any proper sense on the business of the company. ......He went there on his own business, and in returning he was subserving his own purposes only. The precise question is whether a person, who goes upon the land of another without invitation to secure employment from the owner of the land, is entitled to indemnity from such owner for an injury happening from the operation of a defective machine on the premises not obviously dangerous, which he passes in the course of his journey if he can show that the owner might have ascertained the defect by the exercise of reasonable care. We know of no case which goes to this extent. There is no negligence in a legal sense which can give a right of action unless there is a violation of a legal duty to exercise care...... In the case before us, there were no circumstances creating a duty on the part of the defendant to the plaintiff to keep the whimsey (the defective machine) in repair, and consequently no obligation to remunerate the latter for his injury."

There was no wanton or intentional injury done the

plaintiff by the defendants.   The negligence, if any, was simply passive or the mere omission to cap the holes so as to prevent the gas escaping from the pipe which resulted in the explosion.   The plaintiff is, therefore, not in a position to invoke the rule which subjects a party to liability for wanton or wilful injury done to one who enters his premises without permission.

The judgment is affirmed.