## Kopp, Appellant, *v.* R. S. Noonan, Inc.

Argued May 21, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William H. Kain,* with him *Kain, Kain & Kain,* for appellant.

*Frank B. Boyle,* with him *Arthur Markowitz,* and *Markowitz, Liverant, Boyle, Rauhauser & Kagen,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 25, 1956:

In this action of trespass for personal injuries plaintiff appeals from the refusal of the court below to take off a compulsory nonsuit on which judgment was entered.

Plaintiff, 48 years of age, was injured on his employer's premises under the following circumstances: For some time prior to the date of the accident defendant had been engaged in construction of a new building on land of plaintiff's employer. The new building was connected with the old one by two open doorways. There was an opening in the floor of the new building in which was to be placed an elevator shaft. The floor consisted of concrete strips over which defendant had placed curing paper. This paper extended over the edge of the hole approximately 18 inches, and was of such texture that it did not sag.

During course of construction plaintiff and other employes of the plant would enter the new building almost daily to observe construction, to eat lunch, or to rest. All of this was with defendant's knowledge, and without orders to desist. Neither they, nor this plaintiff, was there on defendant's or the employer's business.

On the day in question, at about 12:00 noon, plaintiff went into the building to rest and to observe construction. An employe of defendant, working in the basement under the shaft opening, called out to ask what time it was, and plaintiff walked towards the opening to advise him. He walked upon the portion of the paper extending over the edge of the opening, which gave way and caused him to fall some 14 feet to the floor below, resulting in his injuries.

There were neither warning signs nor barricades at the opening.

Plaintiff admitted that he had observed the progress of the work by going there "once or twice, two or three times a week"; that he knew of the opening, its purpose, and its depth; that he had observed the laying of concrete and the covering of paper; that as he approached the opening on this occasion he observed that the paper extended over the edge of another of its sides to his right; that the place was well lighted.

The court below concluded that "the condition was obvious and that plaintiff did not exercise the reasonable care required for his own safety"; and that defendant violated no duty owed to plaintiff.

That plaintiff was a gratuitous licensee cannot be doubted; in fact, this is admitted by him. However, appellant contends that the court erred in declaring him contributorily negligent as a matter of law. He admits to the accuracy of the legal principles applied by the court, but asserts that the court erred in their application to the testimony.

The evidence clearly indicates that plaintiff knew the physical condition of the premises, and particularly the existence of the opening. Further, despite his contention to the contrary on this appeal, he admitted that he observed that the curing paper overlapped the opening's edge on at least one side as he approached it. As defined in *Potter Title and Trust Company v. Young,* 367 Pa. 239, 242, 80 A. 2d 76, the acts of defendant constituted only "passive negligence." That is, "negligence which permits defects, obstacles or pitfalls to exist upon the premises, in other words, negligence which causes dangers arising from the physical condition of the land itself." Also, as recognized in the foregoing case, the possessor of premises is not liable to a gratuitous licensee under such circumstances except that he be guilty of wilful or wanton injury. See also

*Weaver v. Carnegie Steel Company*, 223 Pa. 238, 72 A. 552; *Parsons v. Drake*, 347 Pa. 247, 32 A. 2d 27. The possessor of premises at most owes the duty of "reasonable care to disclose . . . [to the gratuitous licensees] dangerous conditions known to it [the possessor] and not likely to be discovered by him [the gratuitous licensee] or to make such conditions reasonably safe": *Straight, Admrx. v. B. F. Goodrich Company*, 354 Pa. 391, 394, 47 A. 2d 605. See also Restatement, Torts, §342. Where, as here, the appellant was aware of the condition of the premises, it cannot be said that defendant violated this duty.

In addition, plaintiff assumed the risk of injury under the circumstances, and on that account may not recover. Restatement, Torts, §340, provides: "A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, *if they* [*the licensees*] *know of the condition and realize the risk involved therein.*" (Italics supplied). As we declared in *Cutler v. Peck Lumber Manufacturing Company*, 350 Pa. 8, 12, 37 A. 2d 739, so here: "There is no evidence to support a finding that, in the circumstances, the defendant failed to perform any duty owing by it to plaintiff. It was therefore the duty of the court to say that [he] . . . was familiar with the condition of the premises and realized the risk of attempting to go over them and accordingly assumed the attendant risk." Cf. *Schiffer v. Sauer Co.*, 238 Pa. 550, 86 A. 479; *Onstott v. Allegheny County*, 338 Pa. 206, 12 A. 2d 785.

Judgment affirmed.