William McCANDLESS, Plaintiff,

v.

L. G. DE FELICE & SON, Inc., Defendant.

Civ. A. No. 10920.

United States District Court
W. D. Pennsylvania.

Sept. 26, 1956.

Marvin D. Power, of Margiotti & Casey, Pittsburgh, Pa., for plaintiff.

V. C. Short, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action based on negligence, plaintiff had run his motorcycle into a paver on an unopened portion of the Pennsylvania Turnpike.

Upon jury trial a verdict was returned in favor of plaintiff in the amount of $7,500.

In answer to specific interrogatories, the jury found as follows:

"Was the plaintiff guilty of contributory negligence which contributed in any degree to the happening of the accident?

"Answer: Yes x No

"Was the plaintiff, William McCandless, a gratuitous licensee on the unopened Turnpike?

"Answer: Yes x No

"Was the plaintiff a trespasser on the unopened Turnpike?

"Answer: Yes No x

"Was the defendant guilty of wilful and wanton negligence which was the proximate cause of the accident?

"Answer: Yes No x

"Was the defendant guilty of active negligence which was the proximate cause of the accident?

"Answer: Yes x No

"What damages did the plaintiff sustain without any consideration of negligence or contributory negligence?

"Answer: $5,000.00."

In view of the jury's finding that plaintiff was guilty of contributory negligence and defendant, at most, was guilty of active negligence, the court would have had no alternative but to enter judgment for the defendant.

Since, however, the jury found in answer to Interrogatory Six that plaintiff, without consideration to contributory negligence, had sustained damages in the amount of $5,000, and at the same time entered an inconsistent general verdict for $7,500, the court, after further instructions, returned the jury for further deliberation in order to eliminate such incongruity.

After further deliberation, the jury answered the interrogatories as follows:

"Was the plaintiff guilty of contributory negligence which contributed in any degree to the happening of the accident?

"Answer: Yes x No

"Was the plaintiff, William McCandless, a gratuitous licensee on the unopened Turnpike?

"Answer: Yes x No

"Was the plaintiff a trespasser on the unopened Turnpike?

"Answer: Yes No x

"Was the defendant guilty of wilful and wanton negligence which was the proximate cause of the accident?

"Answer: Yes x No

"Was the defendant guilty of active negligence which was the proximate cause of the accident?

"Answer: Yes No x

"What damages did the plaintiff sustain without any consideration of negligence or contributory negligence?

"Answer: $7,500.00."

The sole issue before this court is defendant's motion for judgment notwithstanding the verdict. Neither plaintiff nor defendant has requested new trial.

 Construing the evidence most favorable to the plaintiff, and invoking the rule of law that plaintiff is entitled to the presumption that he was not guilty of contributory negligence in view of his state of unconsciousness and amnesia for some time after the accident, Heaps v. Southern Pennsylvania Traction Co., 276 Pa. 551, 553, 120 A. 548; nevertheless, upon a most complete review of the record, I am compelled to conclude that the jury's finding of contributory negligence is in conformity with the weight of the credible evidence. Plaintiff, a truck driver by occupation, had worked on de-

fendant's project and was generally familiar with the nature of such an operation. It is common knowledge that various types of huge and heavy equipment are used in the construction of highways. Plaintiff had worked on the job approximately five months, presumably driving his truck backward and forward at various locations from time to time. A possessor of land is not subject to liability to his licensees for bodily harm caused to them by any dangerous condition thereon whether natural or artificial if they know of the condition and realize the risk involved therein. Restatement of Torts, Section 340; Kopp v. R. S. Noonan, Inc., 385 Pa. 460, 123 A.2d 429.

While the possessor of the premises is not generally liable to a gratuitous licensee, in the absence of wilful or wanton injury, for an accident due merely to existent conditions upon the premises, he is liable for injury occasioned by any affirmative or active negligence on his part in connection with activities conducted on the premises. Potter Title & Trust Co. v. Young, 367 Pa. 239, 244, 80 A.2d 76.

Even accepting the thesis that active negligence existed on the part of the defendant in permitting the paving equipment to remain on the unopened portion of the Turnpike without adequate warning and lights, recognizing, of course, that the jury in answer to the specific interrogatory found to the contrary, the contributory negligence on the part of the plaintiff would bar his recovery.

Defendant's counsel, both in his brief and in oral argument, admits that the record in no way can sustain the jury's finding of wanton and wilful negligence.

Upon meticulous and detailed review of the record, I must conclude that as a matter of law a finding of wanton and wilful negligence on the part of the defendant cannot be sustained.

Plaintiff's contention that the court's submission of interrogatories to the jury was improper since such questions pose questions of law rather than questions of fact is, in my judgment, without merit. The court in its charge most exhaustively explained the factual basis underlying the answer to each interrogatory. It is pertinent to observe that the practice of submitting such interrogatories under Rule 49(a) of the Rules of Civil Procedure, 28 U.S.C. is salutary and to be encouraged, particularly in cases such as this where interrogatories, underlying a general verdict, assure and make explicit decision upon several issues which must be resolved before a proper disposition can be made of the case. Cate v. Good Bros., 3 Cir., 181 F.2d 146.

In view, therefore, of the jury's finding that plaintiff was guilty of contributory negligence and in view of the conclusion admitted by the defendant, and recognized by the court as a matter of law that wanton and wilful negligence is not evidenced in the record, accepting all testimony and the inferences to be drawn therefrom in a light most favorable to the plaintiff, I am compelled as a matter of law to enter judgment notwithstanding the verdict in favor of the defendant.

An appropriate order is entered.