RUFE, J.,
Defendant Middletown Township has filed a motion for summary judgment in the above action, relying on the Pennsylvania Recreational Use of Land and Water Act, 68 P.S. §477-1 et seq. That act provides that “an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes. . .” Id. at section 477-3.
Plaintiff was injured in a fall which she sustained on September 24, 1988 while walking in or on the Poplar Street Park, admittedly owned by Middle-town Township, and used without charge for recreational purposes, as provided in RULWA.
Plaintiff has argued that the act does not render immunity to Middletown Township because:
*534 “(1) The landowner is not immune, under the act, from its ‘willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.’ (RULWA, section 477-6(1));
“(2) Walking, in this case, was not recreational activity, as provided in the act;
“(3) RULWA does not apply to Middletown Township.”
In reverse order, we find that RULWA applies to Middletown Township. We find Farley v. Township of Upper Darby, 100 Pa. Commw. 535, 514 A.2d 1023 (1986), to be controlling.
A review of plaintiff’s deposition in regard to her walk on the day in question, in light of the definition of “recreational purpose” as defined in RULWA (section 477-2(2)), makes it clear that her walk was for “recreational purposes.”
Finally, however, we are troubled by plaintiff’s first point, whether the township’s failure to guard against a dangerous condition was willful.
The Recreational Use of Land and Water Act, 68 P.S. §477-1 et seq., was enacted for the purpose of encouraging landowners to make areas available to the public for recreational use by limiting their liability toward persons entering for such purposes. While the property owner is accorded legal protection from certain liability, it is not immune from all liability. Section 477-6(1) excludes from such limitation of liability a “willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.”
“The Pennsylvania Supreme Court has indicated that willful conduct in this context consists of a failure to disclose ‘dangerous conditions known to it (the possessor of the premises) and not likely to be discovered. ’Kopp v. R.S. Noonan Inc., 385 Pa. 460, 463, 123 A.2d 429 (1956). (emphasis supplied) This *535 formulation of the law is the basis for the court’s conclusion in Hahn v. Commonwealth, supra, that the Recreation Act had the effect of limiting a landowner’s specific duty to persons entering his land for recreational purposes to that duty owed to a gratuitous licensee at common law. Thus, willfulness under section 477-6 contains two elements: (1) actual knowledge of a danger (2) that is not obvious to those entering the premises.” Livingston by Livingston v. PP&L Co., 609 F.Supp. 643, 649 (D.C. Pa. 1985), aff'd 782 F.2d 1029 (1986).
Plaintiff in this case has, on deposition, testified that she was walking in an open grass-covered recreation field when she suddenly stepped into a small hole, causing her injuries. Such a hazard became much more dangerous because it was so much less likely to be expected by the casual user of the recreational land. A jury could conceivably find that the hole was a hazard which was actually known to defendant, and was not obvious to a user of the premises, thereby making defendant’s conduct willful, and therefore not shielded from liability pursuant to section 477-6 of RULWA.
We therefore enter the following
. ORDER
And now, November 13, 1990, defendant’s motion for summary judgment is denied.